Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Alex RUDAJ, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

**No. 04–4572–ag.**

United States Court of Appeals, Second Circuit.

May 19, 2006.

Tamara A. French, Detroit, Michigan, for Petitioner.

Deborah L. Golemon, Assistant United States Attorney (Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, on the brief), St. Louis, Missouri, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Alex Rudaj, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Patricia A. Rohan's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

 Substantial evidence supports the IJ's determination that Rudaj was not credible. The evidence that Rudaj submitted regarding events that occurred on June 15, 2001, lacked consistency. On direct examination, Rudaj testified that, on that date, he returned home from distributing flyers with his brother because he was tired and that later that evening members of the Socialist Party broke into his home, beat his father, and fired guns at Rudaj himself as they fled the scene.

On cross examination, however, Rudaj claimed that, while distributing flyers with his brother earlier in the day, he had been beaten and that was why he had returned home. Additionally, Rudaj testified consistently that his brother had not been beaten on that day. A statement from the Albanian Democratic Party chairman that Rudaj submitted as corroborative evidence, however, indicated that Rudaj's brother was attacked on July 15, 2001 as well. Rudaj's written application fails to mention any attack on either himself or his brother that took place on July 15, 2001; it indicates only that his father was beaten. Moreover, Rudaj failed to submit statements from either his father or his brother to corroborate the incidents of persecution that Rudaj describes. His only explanation for that failure was that he did not think that such statements were necessary. Because the IJ cited specific instances of contradictory evidence which go to the heart of Rudaj's claims of past persecution and a failure to provide reasonably available corroborative evidence, substantial evidence supports the IJ's adverse credibility determination, and the application for asylum and withholding of removal were properly denied. *See Secaida–Rosales,* 331 F.3d at 307. Moreover, because Rudaj did not provide any evidence that he would be tortured if returned to Albania, other than his conclusory statements that the Albanian government is aware that he has sought political asylum and will harm him if returned, the IJ was entitled to conclude that it is not more likely than not that Rudaj will be tortured if he returns to Albania. The denial of CAT relief is thus supported by the record as well. *See Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the

Court previously granted in this proceeding is VACATED, and any pending motion for a stay is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).